IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WESLEY HALL, individually and d/b/a Daily News Express, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:08-cv-47 |
| BEE PUBLISHERS, LLC d/b/a The Monroe County Buzz; MARK BORING and SHARON D. BROWN, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil action is before the court on the defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim under the Lanham Act (15 U.S.C. § 1125) [doc. 10]. The plaintiff has responded [doc. 14], and the motion is ripe for the court's consideration. For the reasons stated below, the defendants' motion will be denied.

In his complaint, the plaintiff claims that the defendants, a competing daily newspaper and its owners, stole materials from the offices of The Daily News Express, including files and proprietary information; that the individual defendants began a campaign to destroy the plaintiff and his newspaper by making defamatory and disparaging remarks in articles published in their

competing newspaper; and that the individual defendants made false and misleading statements concerning the quality of the plaintiff's newspaper to the public and to advertisers, resulting in financial loss and mental distress. The plaintiff alleges violations of the Tennessee Consumer Protection Act (Tenn. Code Ann. §§ 47-18-101 *et seq.*) and the Lanham Act (15 U.S.C. 1125), as well as claims for unlawful restraint of trade, unfair competition, intentional interference with prospective advantage, and intentional infliction of emotional distress. In their motion to the dismiss, the defendants urge the court to dismiss the Lanham Act claim and decline pendent jurisdiction of the plaintiff's state law claims.

On a motion to dismiss alleging a failure to state a claim (Fed. R. Civ. P. 12(b)(6)), the court

> must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. . . When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. . . Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations.

*Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996) (citations omitted). A motion brought under Rule 12(b)(6) "only tests whether the claim has been adequately stated in the

2

complaint." 5B Charles Alan Wright & Arthur R. Miller, *Fed. Practice and Procedure* § 1356 (3d ed. 2004).

The defendants' first argument is that the complaint fails to plead that interstate commerce is affected – a necessary element of a cause of action under the Lanham Act. The court agrees that the plaintiff must prove an impact on interstate commerce. 15 U.S.C. § 1125(a) ("Any person, who, on or in connection with any goods or services . . . uses in commerce . . . ."); *see, e.g.*, *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.*, 270 F.3d 298, 323 (6th Cir. 2001). It is not clear, however, as argued by the defendants that the Sixth Circuit requires that the element be alleged in the complaint. Nevertheless, the court will allow the plaintiff to amend his complaint to correct any such shortcoming.

The defendants' second argument is that the allegations in the complaint do not amount to "commercial speech." The defendants claim that their speech, "made through news and commentary" is protected by the First Amendment. They further argue that none of the plaintiff's other claims are actionable under the Lanham Act.

These commercial speech issues are easily resolved in favor of the plaintiff. None of the allegedly offending articles are before the court. Thus, whether the articles are commercial speech and whether the content is protected by the First Amendment cannot be decided on this Rule 12(b)(6) motion.

3

Therefore, the court finds that the defendant's motion to dismiss is not well taken, and it will be denied.  An order reflecting this opinion will be entered.

ENTER:


     *s/ Leon Jordan*
United States District Judge

4